The People of the State of New York, Respondent, *v.* Arthur Edwards, Appellant.

Argued March 5, 1940; decided April 16, 1940.

*Donald P. Gorman* and *Francis L. McElroy* for appellant. The trial court erred in not charging the jury that James Fay was an accomplice as a matter of law. (*People* v. *Swersky,* 216 N. Y. 471; *People* v. *McGuire,* 135 N. Y. 639; *People* v. *Elbroch,* 250 App. Div. 583; *People* v. *Clougher,* 246 N. Y. 106; *People* v. *Ledwon,* 153 N. Y. 10.) There was insufficient corroboration of the testimony of the

accomplices as a matter of law. (*People* v. *O'Farrell*, 175 N. Y. 323; *People* v. *Clougher*, 246 N. Y. 106; *People* v. *Elbroch*, 250 App. Div. 583; *People* v. *Doyle*, 107 Misc. Rep. 268; *People* v. *Patrick*, 182 N. Y. 131; *People* v. *Courtney*, 28 Hun, 589; 94 N. Y. 490; *People* v. *McPorland*, 191 App. Div. 795; *People* v. *Hooghkerk*, 96 N. Y. 150; *People* v. *Owens*, 148 N. Y. 648; *People* v. *Ledwon*, 153 N. Y. 10; *People* v. *Reddy*, 261 N. Y. 479; *Matter of Case*, 214 N. Y. 199; *People* v. *Becker*, 210 N. Y. 274; *People* v. *Deitsch*, 237 N. Y. 300; *People* v. *Josephs*, 143 App. Div. 534.) The evidence of People's witnesses, Goode and Thompson, was incompetent and without proper foundation and constituted improper rebuttal in that it was designed to and did charge the defendant with an unrelated crime and was sufficient in and of itself to prejudice the minds of the jurors in arriving at the verdict rendered. (*People* v. *Richardson*, 222 N. Y. 103; *People* v. *Sellinger*, 265 N. Y. 149; *People* v. *DeGarmo*, 179 N. Y. 130; *People* v. *Greenwall*, 108 N. Y. 301; *People* v. *Campbell*, 232 App. Div. 825; *People* v. *Osinski*, 281 N. Y. 129; *Derrick* v. *Wallace*, 217 N. Y. 520; *People* v. *Kennedy*, 32 N. Y. 141; *People* v. *Razezicz*, 206 N. Y. 249; *People* v. *Molineux*, 168 N. Y. 264; *People* v. *Sharp*, 107 N. Y. 427; *People* v. *Hinksman*, 192 N. Y. 421; *People* v. *Thau*, 219 N. Y. 39; *People* v. *Corey*, 148 N. Y. 476; *People* v. *Wood*, 126 N. Y. 249; *Coleman* v. *People*, 55 N. Y. 81; *People* v. *Clark*, 253 App. Div. 137; *People* v. *Marendi*, 213 N. Y. 600.) It was reversible error to allow the District Attorney to show by an accomplice, over objection, that he had pleaded guilty to the crime charged herein. (*People* v. *Van Wormer*, 175 N. Y. 188; *People* v. *Louise*, 242 App. Div. 471; *People* v. *O'Regan*, 221 App. Div. 331; *People* v. *Lashkowitz*, 13 N. Y. Supp. [2d] 663; *People* v. *Herson*, 8 N. Y. Supp. [2d] 891; *People* v. *Tavormina*, 257 N. Y. 84; *People* v. *Bleaker*, 2 Wheeler Crim. Cases, 256; *People* v. *McQuade*, 110 N. Y. 284; *Erben* v. *Lorillard*, 19 N. Y. 299; *People* v. *Fernandez*, 35 N. Y. 49; *People* v. *Marendi*, 213 N. Y. 600; *People* v. *Clark*, 253 App. Div. 137; *People* v. *Altman*, 147 N. Y. 473; *People* v. *Taylor*, 11 N. Y. Supp. [2d] 876.)

*Donald M. Mawhinney, District Attorney (Jesse E. Cantor* of counsel), for respondent. There was no error on the part of the trial court in failing to charge that James Fay was an accomplice as a matter of law. (*People* v. *Hoyle,* 107 Misc. Rep. 268.) The evidence of the People's witnesses, Goode and Thompson, was competent and was proper rebuttal. (*People* v. *Grutz,* 212 N. Y. 72.) It was not prejudicial error for the District Attorney to show by the accomplice that he had pleaded guilty. (*People* v. *Bloodgood* [*Heckheimer*], 251 App. Div. 593.)

LOUGHRAN, J.   In the night time of April 30, 1938, some person surreptitiously put emery dust into the oil supply of a motor truck of the complainant with the result that eventually the motor was ruined. Guilt of that malicious mischief (Penal Law, § 1425, subd. 11-a) has been attributed to the defendant by the verdict of a jury. The case is here upon his appeal from an affirmance by the County Court of Onondaga county of the judgment of conviction.

Defendant was head of a labor union of which the complainant was a member. There was evidence in chief for the People that on April 27, 1938, the defendant had rebuked the complainant for "running" a picket line maintained by another union. In supposed rebuttal of the defendant's denial of this incident, the People were allowed to show that on an occasion wholly unrelated to the occurrence in issue the defendant had sought to induce employees of an excavating contractor to become union men. The direct examination of one of those employees went on as follows: "Q. Did Mr. Edwards [the defendant] interfere with your trucks? A. He held them up. Q. What, if anything, happened to your steam shovel on that job that night? A. Emery dust was put into the motor." This was obvious error. (*People* v. *Loomis,* 178 N. Y. 400; *People* v. *Pettanza,* 207 N. Y. 560; *People* v. *Grutz,* 212 N. Y. 77. Cf. *People* v. *Murphy,* 135 N. Y. 450.)

An alleged accomplice of the defendant became a witness for the People. On his direct examination this witness was

permitted to testify that he had pleaded guilty to the crime in question and that he had received no promise of immunity. Seeming warrant for the admission of that testimony may be found in the language of the court in *People* v. *Vane* (12 Wend. 78), where SAVAGE, Ch. J., said: " The witness shows on his direct examination that he was an accomplice; his testimony is therefore suspicious; it comes from a tainted source, and may well be doubted. In such case it seems to me the principle applies, that a witness who is impeached may be supported " (p. 79). The decision in the *Vane* case, however, was that " where a witness is an accomplice he may be corroborated by proving his prior consistent statements made at a time when there was probably no temptation to falsify." (*People* v. *Katz*, 209 N. Y. 311, 339.) So read, the *Vane* case is not authority for the proposition that the natural distrust of an accomplice testifying for the People may in any case be neutralized by showing his former consistent statements.

" The rule is that where the testimony of a witness is assailed as a recent fabrication, it may be confirmed by proof of declarations of the same tenor before the motive to falsify existed." (*Ferris* v. *Sterling*, 214 N. Y. 249, 254.) This rule was not here applicable to the alleged accomplice who testified against the defendant. There was nothing to suggest that when the witness pleaded guilty he had any purpose different from his purpose in taking the stand for the People. In that situation the fact of his antecedent confession was not admissible to corroborate him. (*People* v. *Louise*, 242 App. Div. 471. See *People* v. *Collier*, 141 App. Div. 111 and the commentary upon that case in *People* v. *Katz, supra*, p. 339.)

The judgments should be reversed and a new trial ordered.

LEHMAN, Ch. J., FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Judgments reversed, etc.