■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERT E. KALAN, Appellant.— Appeal from a judgment of the County Court, Queens County, rendered November 28, 1951, convicting appellant of grand larceny in the second degree (three counts), as a second felony offender. On February 21, 1955, this court unanimously affirmed the judgment of conviction (*People*

v. *Kalan*, 285 App. Div. 901). On that appeal, which was heard by permission of this court on the original record, appellant was not represented by counsel. On January 24, 1957, the Court of Appeals reversed and remitted the matter to this court for further proceedings in accordance with the opinion, on the ground that appellant should have been represented by counsel on the appeal to this court (*People* v. *Kalan*, 2 N Y 2d 278). On March 4, 1957, the order of the Court of Appeals was made the order of this court, and counsel was assigned to represent appellant on the appeal. Judgment affirmed. No opinion. Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to reverse and to grant a new trial with the following memorandum: Having charged the jury that in order to convict under the second count of the indictment it was necessary to find that the appellant had falsely stated that he had sufficient funds in the bank from which payment of the check could be made, and that the check was good, and that he made such statements knowing them to be false, the learned County Judge should also have charged in response to the request by appellant's attorney what was evidently intended by the request, although not precisely stated, that there could be no conviction under any count of the indictment unless the facts necessary to convict under the second count had been established. It was also error to admit evidence concerning the separate and distinct transaction between appellant and the witness McEachern. This evidence had no bearing on the question of appellant's guilt or innocence of the crimes charged in the indictment. It did establish that appellant had testified falsely before the Grand Jury with respect to a collateral matter, and had defrauded McEachern in a transaction not connected with the larcenies charged against appellant. This was prejudicial error, and may not be disregarded under section 542 of the Code of Criminal Procedure. (*People* v. *Edwards*, 282 N. Y. 413, 415; *People* v. *Feldman*, 296 N. Y. 127.)