■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL JAMES RYAN, Appellant.— Judgment unanimously reversed on the law and facts and indictment dismissed. Memorandum: Defendants, indicted for burglary and petit larceny, were tried and adjudged youthful offenders. Because of the serious errors committed by the prosecutor in asking improper questions on direct, redirect and cross-examination of witnesses the defendants

did not receive a fair trial. On direct examination of an accomplice called as the principal witness for the People, the prosecutor improperly elicited the fact that he had pleaded guilty to an indictment for burglary and petit larceny arising out of the same incident for which defendants were on trial. (*People* v. *Edwards*, 282 N. Y. 413.) Furthermore, the accomplice did not plead to the indictment. He pleaded guilty to an information charging him as being a youthful offender. On cross-examination this witness admitted that after the burglary had been committed, he signed two statements, one for the police and the other for his attorney, stating that he was alone at the time of the burglary. On redirect the prosecutor, over objection, brought out that after he had pleaded guilty to being a youthful offender he gave a third statement to the District Attorney implicating these defendants, and then asked him whether the statement given to the District Attorney, his testimony before the Grand Jury and his testimony upon the trial were all the same, to which he replied, " Yes, sir ". It is well settled that the testimony of an impeached or discredited witness may not be supported or bolstered by proving that he has made similar declarations out of court unless it comes within the recent fabrication rule not here applicable. (*Crawford* v. *Nilan*, 289 N. Y. 444; *People* v. *Katz*, 209 N. Y. 311.) The defendant Dibble did not testify or offer any testimony putting his character in issue. Yet over objection the prosecutor asked the codefendant Ryan on cross-examination these questions: " Q. Sometime, I believe it was last Summer, Mr. Dibble was charged with vagrancy, do you recall that case? A. No. Q. And do you recall the name of the girl involved in the case? A. Just her first name. Q. What was it? A. Loraine. Q. And do you recall that Dibble procured this girl — procured migrant workers to use this girl, you recall that? [Objection overruled] Q. He got fellows down from the migrant camp and he brought them to his house and they had relations with this girl, isn't that correct? A. Not that I know of." The rule is that an impeaching cross-examination of a witness for a defendant in a criminal trial cannot seek or educe, for the purpose of discrediting the witness, testimony tending to prove that the defendant was of a criminal, degraded or bad character. (*People* v. *Richardson*, 222 N. Y. 103.) " A man cannot be convicted of one crime by proof that he was guilty of another." (*People* v. *Katz*, 209 N. Y. 311, 327.) Finally, the prosecutor conceded that the only evidence offered to corroborate the accomplice was the victim's radio found by the trooper on a mantlepice in a camp occupied by the accomplice and these defendants. He argues that this was exclusive possession of the fruits of the crime sufficient to sustain the conviction. We disagree. The circumstances under which the radio was recovered were not of such a character as, if true, would exclude to a moral certainty every other inference but that of recent and exclusive possession by these defendants. (*People* v. *Foley*, 307 N. Y. 490; *People* v. *Lewis*, 275 N. Y. 33.) In *People* v. *Galbo* (218 N. Y. 283) the court said at page 292: " If the circumstances make one inference just as reasonable as the other, we must give the defendant the benefit of the conclusion that would mitigate his guilt ". The facts and circumstances established in connection with the possession of the radio are just as consistent with innocence as with guilt of these defendants. (Appeal from judgment of Herkimer County Court, convicting defendant of being a youthful offender.) Present — Bastow, J. P., Henry, Del Vecchio and Marsh, JJ.