■ NANCY M. HERR, Respondent, v. COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: Contrary to the contention of appellant an issue of fact was presented as to whether or not the notice of assessment was mailed by defendant. The finding implicit in the verdict that the notice was not mailed is not contrary to the evidence. Moreover, the jury could have found upon all the evidence (and presumably did find) that timely notice of accidental death was given to defendant. If the latter had wanted additional facts it could have transmitted blank proofs of loss to claimant accompanied by an appropriate message that it was waiving none of its rights. We conclude, however, that a new trial is required because of the inadequate and prejudicial jury instructions. The crucial issue — mailing and receipt of the notice of assessment — was scarcely touched upon in the main charge. Moreover, the meagre remarks of the trial court on the subject were prejudicial to appellant. Among other things, the court stated that the jury had "the right to consider the past record of [insured] as to promptness of payment for many years * * *. Is it reasonable to believe that he would suddenly abandon his sister to the vicissitudes of life at this late date?" To all of which there was timely exception. (Appeal from judgment of Oneida Trial Term in action on insurance policy.) Present — Bastow, P. J., Goldman, Del Vecchio, Witmer and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE ZACHERY, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: Defendant was denied a fair trial by the prejudicial conduct of the prosecutor in calling to the witness stand a codefendant with advance knowledge that he was going to invoke the privilege against self incrimination and refuse to answer questions (People v. Pollock, 21 N Y 2d 206). The court, recognizing that the jury had seen the emotions that were evident while this witness was on the stand and that it was possible for the jury to draw an unfavorable inference against the defendant, attempted to rectify the error by instructing the jury to disregard whatever the witness had to say. The damage had already been done and it was too late to effectively erase that testimony from the jury's mind. In addition the codefendant when asked to tell who held up Ben's Pawnshop replied that he had made a statement to the effect that Willie Zachery (defendant) was one of the men who helped him. Because there will be a new trial another impropriety should be mentioned in order that it may not be repeated. It was error for the prosecutor to elicit from two codefendants upon direct examination that each had pleaded guilty to a count of the indictment upon which the defendant was being tried. (People v. Edwards, 282 N. Y. 413.) (Appeal from judgment of Erie County Court convicting defendant of robbery, first and second degree.) Present — Bastow, P. J., Goldman, Del Vecchio, Marsh and Henry, JJ.