■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL JAMES PAULINO et al., Appellants.—Judgment unanimously reversed, on the law and facts, and a new trial granted. Memorandum: Defendants Paulino and Comfort appeal from their convictions on two counts each of first degree robbery, second degree robbery, and third degree grand larceny under an indictment naming them and Leon Gublo as codefendants. This indictment was tried with two related indictments: one charging the three above-named codefendants and David Marrapese with conspiracy, and the other charging Gublo, Marrapese and defendant Comfort with attempted robbery. The jury acquitted defendants on these related indictments. At trial there was testimony implicating Gublo as an accomplice of defendants Paulino and Comfort under the indictment upon which they were convicted. There was also testimony implicating both Gublo and Marrapese as accomplices under the related indictments. Shortly before the close of the People's case, however, the prosecutor moved to dismiss the charges against Gublo and Marrapese under each indictment due to insufficient evidence. This motion was granted, whereupon the prosecutor immediately subpoenaed Gublo and Marrapese as witnesses. Marrapese was called to testify over the objection of his attorney as well as defendant Paulino's attorney. On the stand, however, Marrapese had a lapse of memory. Gublo testified over the objection of his attorney, who informed the court that inasmuch as immunity from prosecution on related Federal and State indictments had not been granted, he was advising his client to invoke his Fifth Amendment privilege against self incrimination. In response to preliminary inquiries as to his age and residence, Gublo refused to answer, invoking the privilege. Defendant Paulino's attorney then objected to further questioning of the witness on the ground that the prosecutor knew that Gublo would assert his Fifth Amendment privilege and that such questioning would affect the jury. The objection was overruled. The prosecutor then asked several questions concerning Gublo's whereabouts at the time of the alleged crimes, to each of which Gublo asserted his Fifth Amendment privilege. Then, over objection by defendant Comfort's attorney and a statement by Gublo's attorney that Gublo would continue to invoke his Fifth Amendment privilege, the prosecutor asked yet another question, the content of which suggested that Gublo participated with defendants Paulino and Comfort in the commission of the crimes. Gublo invoked his privilege against self incrimination as to this question also, after which, upon request of defendant Comfort's attorney, the court instructed the jury that the mere asking of questions was not to be considered as evidence against defendants. Defendants claim that the prosecutor's interrogation of Gublo, knowing that he would invoke his Fifth

Amendment privilege, constitutes reversible error. In *People v Pollock* (21 NY2d 206) the two defendants were charged with first degree murder. The pretrial confessions of both defendants, in which they admitted killing the victim, were introduced at trial. In these confessions, both defendants implicated Earl James as an accomplice. The prosecutor called James as a witness and, after eliciting his name, age and occupation, asked him whether he knew one of the defendants. James' attorney then informed the court that in response to any question relevant to that case, James would invoke his privilege against self incrimination. Thereafter, James invoked his privilege in response to further questions by the prosecutor pertaining to his involvement with defendants in the crime charged. The court instructed the jury to disregard James' testimony in its entirety. In reversing the defendants' convictions, the Court of Appeals observed that by James' refusal to answer the questions on Fifth Amendment grounds, the jury must have concluded that James actually did play the role assigned to him by defendants in their confessions and that the facts stated in those confessions were true. Accordingly, the court ordered a new trial. In applying the holding of *Pollock,* we find that a reversal of defendants' convictions is required. Here, as in *Pollock,* the witness, Gublo, invoking his Fifth Amendment privilege, was implicated as an accomplice and, moreover, was an indicted codefendant who sat with defendants Paulino and Comfort during the trial. The prosecutor improperly called Gublo to testify, knowing that he would assert his Fifth Amendment privilege *(People v Zachery,* 31 AD2d 732). This was not a situation where the witness testified to other facts relating to the criminal charge and where his claim of privilege related to some unimportant or collateral aspect (cf. *Namet v United States,* 373 US 179). Rather, the witness asserted his privilege in response to questions concerning defendants' direct involvement in the crimes charged. Furthermore, we have the additional factor that Marrapese, also sitting with defendants Paulino and Comfort until the dismissal of the indictments, was called as a witness against them. The court's instruction that the jury not consider the prosecutor's questions as evidence was insufficient to cure the prejudice to defendants *(People v Zachery, supra).* We have examined defendants' remaining contentions and find that they have no merit. Accordingly, the judgments must be reversed and a new trial granted. (Appeal from judgment of Monroe County Court—robbery, first degree, etc.) Present —Marsh, P. J., Moule, Dillon and Witmer, JJ.