■ KIRKWALL CORP. v LEONARD SESSA.—Motion for reargument granted and upon reargument the memorandum decision of this court entered on December 27, 1977 [60 AD2d 769] is amended only to the extent of deleting the words "which became effective" appearing in the third paragraph thereof and substituting therefor the words "which barricade was erected". Concur—Kupferman, J. P., Lupiano, Birns, Silverman and Evans, JJ.

■ CHARLOTTE S. LUBOW v NEW YORK CITY TRANSIT AUTHORITY.— Motion granted and the order of this court entered on February 21, 1978 [61 AD2d 768] is amended by deleting the words "within 20 days" appearing on the fifth line of the last paragraph thereof and by substituting therefor the words "within 30 days." Concur—Kupferman, J. P., Lupiano, Yesawich, Sandler and Sullivan, JJ.

## (May 16, 1978)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL FUENTES, Appellant.—Judgment of conviction by plea of guilty to the class E felony of attempted possession of a weapon, Supreme Court, Bronx County, rendered April 14, 1975, unanimously reversed, on the law, the plea vacated, the motion to suppress granted, and the indictment dismissed. The arresting officer was one of those responding to a radio run reporting an assault in progress and describing two armed men, one with a gun, the other with a knife. A number of radio cars responded, and a large crowd was dispersed. The arresting officer saw defendant-appellant "changing one of his outer garments," it is not clear which one. At this juncture it must be noted that the evening was fairly warm and no weight whatever as a factor which might arouse suspicion is given to the circumstance which attracted attention. However, said the officer, he believed that defendant fit the radio description of the suspect armed with a gun. We cannot evaluate this factor either, for the description said to have been relied on is not in the record of the suppression hearing. Up to this point, nothing had occurred which, in our view, could reasonably have provided a basis for a CPL 140.50 stop and frisk, nor was there an articulable reason to suspect defendant of having committed a crime. (People v De Bour and People v La Pene, 40 NY2d 210.) However, persisting, the officer inquired what was in the camera case slung over defendant's shoulder. Defendant "jumped back" and this, it is claimed, provided the basis for further intrusion by the officer. He squeezed the top of the case, which came open and revealed several foil packets, which turned out to be cocaine. Arrested for its possession, defendant was searched and the gun found on his person. Even assuming, which we do not, the officer's right to inquire as to the case's contents, without further relevant information constituting probable cause, there was no right to go further. At each of the several stages of the police inquiry, there was no basis for proceeding further. The motion to suppress should have been granted. "In sum, the officer's bare suspicion of criminal activity was sufficient for an investigatory stop. His observations and his inquiry were, however, insufficient to raise that suspicion to the requisite standard of probable cause (Brinegar v. United States, 338 U. S. 160, 175-176), without which the arrest and the incidental search must fall." (People v Brown, 32 NY2d 172, 174.) Concur—Murphy, P. J., Lupiano, Lane, Markewich and Sullivan, JJ.