■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SILVA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent v MIGUEL TORRES, Appellant.—Judgments, Supreme Court, Bronx County, rendered February 16, 1977, convicting defendants upon a jury verdict of criminal sale of a controlled substance in the second degree and sentencing each to an indeterminate term of eight and one-third years to life, unanimously affirmed as to defendant Jose Silva and unanimously reversed, on the law, as to defendant Miguel Torres and his case remanded for a new trial. Appellants Miguel Torres and Jose Silva were tried together with one Carmelo Ramos under a joint indictment. We have previously affirmed the conviction of defendant Ramos (59 AD2d 829). We conclude from our review of the evidence that the court committed prejudicial error when it failed to direct a severance as to defendant Torres when the latter was called as a witness by his codefendant Carmelo Ramos and was thereby compelled to assert his privilege against self incrimination in the presence of the jury. Prior thereto, Torres had moved for a severance, contending that his name appeared on the list of witnesses for Ramos and that he expected that his codefendant would call him to the stand, thus forcing him to invoke his privilege against self incrimination. Under the circumstances, we find that the court abused its discretion in not directing a severance. *(People v Owens,* 22 NY2d 93; *People v Pollock,* 21 NY2d 206; *People v Paulino,* 60

AD2d 769.) As the Court of Appeals held in *People v Owens (supra,* p 97): "the privilege against self incrimination is violated whenever a criminal defendant is compelled to take the stand and claim his privilege, whether at the behest of the prosecution or a codefendant". Nor may curative instructions, as those given by the Trial Justice, be deemed sufficient to cure the resulting prejudice to defendant. "The stigmatizing effect * * * of claiming the privilege before the jury is so powerful that it would be unrealistic to suppose that instructions can cure it" *(People v Owens, supra,* p 97). We have examined defendant's remaining contentions and those advanced by defendant Silva, and find them to be lacking in merit. Silva asserts that the court improperly received in evidence the conversation between Ramos, the undercover officer and the informant in Paterson, New Jersey, about three months before the transaction, wherein the undercover officer inquired as to Silva's whereabouts and told Ramos to tell Silva that he was interested in purchasing heroin from Silva. The court directed that the testimony concerning Silva be stricken and that the jury disregard any references to Silva in the testimony concerning the October 7 conversations in Paterson with defendant Ramos. The instruction was repeated each time an effort was made to introduce such reference. The testimony was admissible against Ramos. Defendant also asserts as improper testimony by the undercover officer that there was a discussion he had with other officers about the "case of Silva" on January 12, 1976, the day before the sale. This was the sole reference to Silva. Despite Silva's objection on hearsay grounds, the conversation was admissible to furnish necessary background information and was received "subject to connection". The connection came in the testimony as to Silva's presence and participation in the sale on the following day. Background testimony is admissible, particularly where it is necessary for clarity to place the "decisive occurrences" in "some broader expository context" and the evidence does not relate to an uncharged crime. *(People v Green,* 35 NY2d 437, 442.) Moreover, if error there was, it was harmless on this record (see *People v Perino,* 34 NY2d 541; CPL 470.05, subd 1). Silva also objects to the redirect testimony of Special Agent Siegel in response to a question as to why the agent asked the prosecutor to confer with defense counsel regarding asking defendant to become a confidential informant. Counsel's objection to the question was withdrawn. Siegel responded: "I had information that Mr. Silva was extensively involved in narcotic trafficking." Although we agree that the question would have been improper on direct examination, it did not constitute reversible error on the facts and circumstances of this case. Defendant, in cross-examining Siegel, opened the door by inquiry as to whether there was an attempt to convert Silva into an informant and whether it was Siegel's policy to "go after the small fry to get the bigger fish on top?" The implication sought to be created by the defense was that Silva had no real involvement with narcotics activities. Moreover, any prejudicial effect was vitiated by the curative instruction to the jury in striking the response, the court instructing the jury that the "answer has been stricken, you are to disregard that completely. That is immaterial to this case and you are to just take it out of your mind and never consider it again. It has nothing to do with the case. We're interested in whether or not the defendants are guilty or innocent with respect to an alleged sale of narcotics and possession of it on January 13, 1976. Please remember that." The fact that the court took the matter under advisement at the end of the court day when defendant initially moved for a mistrial is not dispositive in view of the curative instruction subsequently given the next court day at the commencement of that day's proceedings. If there was

error it was harmless on this record. *(People v Perino, supra.)* Nor do we find reversible error in the statement by the prosecutor in summation, wherein she suggested to the jury that Sergeant Brereton was an honest officer, worthy of belief. Contrary to Silva's contention, the statement did not constitute impermissible vouching for the credibility of a witness. Moreover, we have previously considered and rejected the same issue when we affirmed without opinion the judgment of conviction which had been rendered against codefendant Ramos *(People v Ramos,* 59 AD2d 829). Concur—Lupiano, J. P., Fein, Lane, Markewich and Sullivan, JJ.