■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS SIFFORD, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 26, 1978, convicting him of robbery in the first degree (four counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts upon which the conviction of robbery in the first degree (Counts Nos. 1 and 6) are based, have been considered and determined to have been established. In our opinion defendant did not receive a fair trial. At 8:30 P.M. on February 19, 1977, three men entered a grocery store on Fulton Street in Brooklyn and robbed both the proprietor and another man while displaying a gun and a knife. Defendant and one Chester Morris were subsequently arrested and charged with these crimes; the third man was never apprehended. On trial, the People's case was comprised of the testimony of the store owner, the only complainant herein, who positively identified defendant as one of the perpetrators, and a police detective. The People also intended to utilize the testimony of Chester Morris, who had confessed, implicated the defendant and pleaded guilty. When Morris took the witness stand he refused to answer the prosecutor's first question to him contending that his attorney had instructed him not to speak and to rely upon his Fifth Amendment right to remain silent. The prosecutor responded by asking him another question which he also refused to answer. The prosecutor's inquiries were leading and informed the jurors that Morris had pleaded guilty to the crimes herein involved and that he had implicated the defendant in this regard. We think that the questioning of Morris in this way was improper and prejudicial. The record indicates that despite the fact that Morris' plea bargain, which included the promise of a reduced sentence, was predicated upon his giving testimony against defendant, the People were having difficulty with obtaining Morris' co-operation prior to trial. In addition, though Morris had already pleaded guilty at such time, he had not as yet been sentenced at the time of trial. Thus, he was still in a position to incriminate himself if he testified. The prejudice created by the prosecutor's

persistent questioning after Morris refused to answer could not be obviated by the curative instruction given by the trial court (see *People v Pollock,* 21 NY2d 206; *People v Paulino,* 60 AD2d 769; *People v Zachery,* 31 AD2d 732). Furthermore, it was wrong for the prosecutor to ask Morris whether he had pleaded guilty herein *(People v Edwards,* 282 NY 413; *People v Zachery, supra).* Additional prejudice resulted when the detective testified that at a time when he was aware of defendant's identity, he told the complainant that he would take him to see the perpetrator in "a particular area where a lot of methadone addicts hang out." The pejorative effect of this statement was heightened when in cross-examining the defendant, the prosecutor pursued a line of questioning which was to cause the defendant to reveal that he had previously been imprisoned for possession of a hypodermic needle. It was also error for the prosecutor to elicit from the detective testimony which bolstered the complainant's previous identification of the defendant (see *People v Trowbridge,* 305 NY 471). A final element of prejudicial prosecutorial misconduct is found in the further cross-examination of the defendant where the Assistant District Attorney asked him, apparently rhetorically, whether he was in the business of sticking up grocery stores with Chester Morris. In view of the pattern of repeated prosecutorially introduced improprieties pervading defendant's trial, and the apparent overwhelming prejudice resulting therefrom to defendant, he must be retried. Gibbons, J. P., Rabin, Gulotta and Cohalan, JJ., concur.