OPINION OF THE COURT
Cosmo J. Di Tucci, J.
On August 22, 1986 defendant Kenneth Garnes moved for severance of his trial from that of the codefendant Kwame Brew-Adams. This motion was denied, without prejudice, by reason of defendant’s failure to set forth convincing facts and *40 circumstances to support his motion and his failure to serve the codefendant. Defendant Games now moves for reconsideration of said motion and severance of his trial from that of the codefendant.
The defendants in this case, Kenneth Games and Kwame Brew-Adams, were indicated as codefendants on November 6, 1985 and charged with criminal possession of a controlled substance in the fourth degree and two counts of criminally using drug paraphernalia in the second degree. It is charged that on the 18th day of October 1985 in the County of Queens the defendants possessed a quantity of cocaine and sundry dilutants and materials for packaging or dispensing narcotic drugs.
On May 30, 1986, this court, in a memorandum decision, after a Mapp hearing, denied defendants’ motions to suppress physical evidence. During the Mapp hearing defendant, Brew-Adams, testified. In substance, he acknowledged that the contraband upon which these charges are based was placed into the vehicle from which it was seized by himself and without the knowledge of the codefendant, Games. This testimony, if credited by the trier of the facts, could be extremely favorable to the defendant, Games.
Defendant Games again argues that if he calls the codefendant, Brew-Adams, to testify during the trial of this indictment, the People would be unwilling to grant Brew-Adams immunity and Brew-Adams would then possibly assert his 5th Amendment privilege against self-incrimination; that such an assertion would be highly prejudicial to his case and, in addition, he would lose Brew-Adams’s allegedly exculpatory testimony. Games seeks a severance and requests that the Brew-Adams case be tried first, so that Brew-Adams would then be available as a witness during his trial.
In support of the present motion, the codefendant, Brew-Adams, who was not served or made a party to the original motion, through his attorney, has now submitted an affidavit in which he states that if he is called as a witness by his codefendant, Games, in a joint trial, he (Brew-Adams) would assert his 5th Amendment privilege against self-incrimination. The affidavit does not state what this defendant will testify to if he testifies at all or that he will testify if a severance is granted. However, we do have his testimony from the Mapp hearing which is clearly exculpatory.
The People again oppose the defendant’s motion for sever *41 anee reiterating that there are no Bruton issues in this proceeding and that the movant again has failed to reveal what specific exculpatory testimony the codefendant Brew-Adams will present.
Defendant Games cites the cases of People v Payne (35 NY2d 22) and People v Quartararo (113 AD2d 845) in support of his application. Both cases involve Bruton issues which have no relevance in this matter.
In People v Payne (supra, p 27) the Court of Appeals considering the facts and circumstances of that case commented: "However for the most part we have been concerned with cases, such as the one now before us, in which the defendant sought a separate trial because a codefendant had made a pretrial statement in which he was implicated.”
Such is not the fact in this case. Here we are dealing with testimony by a codefendant which allegedly exculpates the defendant1.
In People v Quartararo (supra, p 849) in which Peter and Michael Quartararo were codefendants, the Appellate Division, Second Department, stated "that since Peter testified at trial, Michael’s right to confront witnesses against him was not impaired. Thus the rule of Bruton v United States (391 US 123) does not apply where one codefendant confesses and testifies at the joint trial (People v Anthony, 24 NY2d 696) even if, as here, that codefendant testifies solely to proclaim his innocence and to renounce his confession (Nelson v O’Neil, 402 US 622; People v Payne, 35 NY2d 22).”
In Bruton v United States (supra), the Supreme Court ruled that during a joint trial, the admission into evidence of a statement containing a reference implicating a codefendant made by one defendant who does not himself testify, violates the codefendant’s right of cross-examination secured by the confrontation clause of the 5th Amendment. In the matter before us, contrary to the facts in Bruton, the movant is seeking the statement of the codefendant because of its alleged exculpatory content. The relief sought presupposes that he will testify.
In this case we are presented with the problem of the defendant, Games, calling his codefendant, Brew-Adams, as a witness in his behalf. Games contends that if this is done at a joint trial, Brew-Adams will claim his 5th Amendment rights. He contends such a result will not only prejudice his case in the minds of the jurors, but it will also preclude the introduc *42 tion into the trial of highly favorable exculpatory evidence which should be before the trier of the facts.
The leading case in this area is People v Owens (22 NY2d 93). There the New York Court of Appeals laid down the test for trial severance in these matters: "The People concede that permitting Owens to be called to the stand over his objection was error. This conclusion is correct; the privilege against self incrimination is violated whenever a criminal defendant is compelled to take the stand and claim his privilege, whether at the behest of the prosecution or a codefendant * * * It is undoubtedly true that a party’s right to defend may be severely impaired if he cannot call his codefendant as a witness or, as the case may be, comment on his failure to testify * * * Indeed, upon a proper showing of need for the codefendant’s testimony, it may be an abuse of discretion to deny severance. But there must be a showing of intention to call the codefendant as a witness and a need to do so; the mere statement of intention is hardly sufficient unless the circumstances indicate sincerity of intention and reasonable need.” (People v Owens, supra, pp 97-98.)
On the issue of severance "The Court of Appeals * * * in People v Bornholdt (33 NY2d 75, cert den sub nom. Victory v New York, 416 US 905) * * * stated (p 87): 'The governing principles may be quickly set out. A motion for a separate trial is directed to the sound discretion of the trial court, subject to review only for an abuse thereof. (People v. Owens, 22 N Y 2d 93; see, also, Opper v. United States, 348 U.S. 84, 95; United States v. Echeles, 352 F. 2d 892 [7th Cir.].) Where proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant a severance (United States v. Kahn, 381 F. 2d 824, 839 [7th Cir.], cert. den. 389 U.S. 1015). But upon a proper showing of need for a codefendant’s testimony, it may be an abuse of discretion to deny severance. (People v. Owens, supra, at p 98; see United States v. Gleason, 259 F. Supp. 282 [S.D., N.Y.].) However, a proper showing of need imports that the movant clearly show what the codefendant would testify to and that such testimony would tend to exculpate the movant. (Byrd v. Wainwright, 428 F. 2d 1017, 1020 [5th Cir.].) Moreover, the court is not required to sever where the possibility of the codefendant’s testifying is merely colorable or speculative. (Byrd v. Wainwright, supra, at p. 1022; United States v. Kahn, supra, at p. 841.) Finally, the motion must be timely. (People v Owens, *43 supra, at p. 98.)’ ” (See, People v Kampshoff, 53 AD2d 325, 337-338.)
Upon applying these principles to the instant case, we must reach one conclusion — severance must be granted. Earlier in these proceedings and during a Mapp hearing held before this court, the defendant Brew-Adams testified. In substance, he acknowledged that the contraband, upon which these charges are based, was placed into the vehicle from which it was seized by himself and without the knowledge of the codefendant and movant, Games. This testimony, if credited by the triers of the fact, could prove to be extremely favorable to the defendant Games. However, should the codefendant Brew-Adams be called to testify in a joint trial, there exists the very strong possibility that he might claim the 5th Amendment to the prejudice and detriment of the movant. It is also clear that it would be an error to permit the codefendant to be called to testify in a joint trial in that such a procedure would violate his privilege against self-incrimination. (See, People v Owens, supra; People v Bornholdt, supra; People v Silva, 66 AD2d 662.)
Movant also requests that this court direct that the case of the People against the defendant Brew-Adams be tried first. By statute and decisional law the District Attorney is generally provided broad discretion in determining prosecutorial priorities. (People v Mendez, 125 Misc 2d 1011.) However, "In both bail and jail cases priority should be given, among others, to cases where there is a critical issue involving guilt or innocence, or the possible loss of witnesses to the prosecution or the defense” (People v Kelly, 38 NY2d 633, 636).
Since a severance of the trials of the defendants is being granted pursuant to this order, were the Garnes’s case tried first, the very purpose of the severance would be defeated since the possibility that the defendant Brew-Adams would assert his 5th Amendment privilege were he called to testify would continue to exist. In such an event, the very purpose of the severance granted by this motion would be frustrated. However, if the defendant Brew-Adams’s case were tried first, he would then be in a position to testify at the trial of the codefendant, Games, without jeopardizing his position as regards his trial.
*44 Accordingly, the within motion is granted to the extent that the trial of the defendant Games is severed from that of the defendant Brew-Adams, and, further, that the trial of the defendant Brew-Adams be tried first, i.e., before the trial of the defendant Games.