555 So.2d 478 (1989)
STATE of Louisiana
v.
John L. WALLAND a/k/a Jock R. Latiolais.
No. 89-K-1614.
Court of Appeal of Louisiana, Fourth Circuit.
December 5, 1989.
*479 Robert Glass, Lori R. Fregolle, New Orleans, for relator.
Harry F. Connick, Dist. Atty., Brian T. Treacy, Asst. Dist. Atty., New Orleans, for respondent.
Before BARRY, LOBRANO and WARD, JJ.
BARRY, Judge.
John Walland, a/k/a Jock R. Latiolais and Michael (also spelled Mikel) Hart were jointly charged with possession of a stolen 1986 Oldsmobile Cutlass automobile. Latiolais filed a motion for severance on two grounds:
(1) Co-defendant Latiolais made incriminating statements;
(2) Latiolais will provide evidence exculpating the defendant in a trial subsequent to the resolution of his own charges.
The severance motion declares: "Because of self-incrimination concerns, the co-defendant cannot testify on defendant's behalf at a joint trial, or at a trial that precedes his own."
In an affidavit Michael Hart declares he is Latiolais' co-defendant and would testify at a separate trial that Latiolais had no involvement with the stolen vehicle. Hart states he will not testify at a joint trial because of his Fifth Amendment rights. The affidavit of Robert Glass, Latiolais' attorney, declares that Hart volunteered to testify because he told the police officers that Latiolais was not involved in the theft. According to Glass, Hart told him that someone paid for the car to be stripped. Glass said that if the defendants were tried jointly he would argue to the jury that Latiolais was innocent and Hart was guilty.
The trial judge stated that normally he denies a motion to sever based on antagonistic defenses. However, because of Hart's affidavit the motion was granted.
The court set Latiolais' trial date first, Glass objected and stated Hart should be tried first. The Assistant District Attorney said the State should decide which defendant would be tried first. The trial court agreed with the State and denied Glass' request.[1] Glass applied for writs and we stayed the proceedings and ordered a response from the State. Glass also filed a motion for a continuance alleging that Hart would not testify until after his own trial. According to the writ application that motion is still pending.

*480 LAW AND JURISPRUDENCE
La. Const.Art. V, § 26(B) states that the District Attorney controls the administration of criminal prosecutions. La.C.Cr.P. art. 61 provides in pertinent part:
[T]he district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when and how he shall prosecute.
The prosecutor's interest in a criminal matter is to see that justice is done. "It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." Africk, Prosecutorial Discretion: Striking a Balance, 36 La.Bar J. 16, 17 (1988), quoting Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935).
Every defendant has a constitutional right to a fair trial and to present a defense. La. Const.Art. I, § 16. He also has a right to call witnesses and compel their attendance. U.S. Const., Amend. VI; La. Const.Art. I, § 16.
When constitutional rights are properly invoked, conflicting legislation must succumb to the Constitution. State v. Mejia, 250 La. 518, 197 So.2d 73 (1967). State statutes do not supersede federal constitutional rights. State v. Bernard, 326 So.2d 332 (La.1976). See also State v. Henry, 449 So.2d 486 (La.1984).
When the District Attorney's authority under La.C.Cr.P. art. 61 does not interfere with a defendant's constitutional guarantees, his actions will not be disturbed by the judicial branch. State ex rel. Eames v. Amiss, 288 So.2d 316 (La.1974); State v. Ester, 458 So.2d 1357 (La.App. 2d Cir.1984), writ denied 464 So.2d 313 (La. 1985).
A motion to sever based on the need for a co-defendant's exculpatory testimony implicates a defendant's constitutional rights. Denial of a severance based on the fact that the mover requires exculpatory testimony of a co-defendant (who would have to have a separate earlier trial) could constitute a violation of due process. Byrd v. Wainwright, 428 F.2d 1017 (5th Cir.1970). Such a denial can render the mover's trial fundamentally unfair. Tifford v. Wainwright, 588 F.2d 954 (5th Cir.1979).
Opinions in a line of federal jurisprudence involve appellate review of the district court's discretionary decisions to grant or deny motions to sever. United States v. Haro-Espinosa, 619 F.2d 789 (9th Cir.1979); United States v. Doe, 655 F.2d 920 (9th Cir.1980); United States v. Gay, 567 F.2d 916 (9th Cir.1978), cert. denied 435 U.S. 999, 98 S.Ct. 1655, 56 L.Ed.2d 90 (1978); United States v. Rice, 550 F.2d 1364 (5th Cir.1977), cert. denied 434 U.S. 954, 98 S.Ct. 479, 54 L.Ed.2d 312 (1977); United States v. Frazier, 394 F.2d 258 (4th Cir.1968), cert. denied 393 U.S. 984, 89 S.Ct. 457, 21 L.Ed.2d 445 (1968).
In United States v. Gay, 567 F.2d at 921, the court affirmed the denial of a motion to sever predicated on a co-defendant's conditional offer to testify only if his trial was scheduled first. The Ninth Circuit noted the trial judge refused to allow the defendants to "play games" and cited caselaw which holds that such a motion is generally denied based on the wide discretion of the trial judge. The court noted the apparent availability of an informant who would testify that he heard the defendant tell the co-defendant (who made the conditional offer to testify) that he wanted no part of the deal. The Ninth Circuit assumed the trial court considered the informant's existence and stated:
We mean in no way suggest that trial courts should, in all cases, reject an offer of a co-defendant witness to provide exculpatory testimony conditioned on a separate trial prior to that of the movant. Indeed, there is no question but that the purpose of a severance is more fully implemented when the co-defendant witness is tried first, and consequently is not deterred from providing exculpatory testimony by the prospect of forfeiting his Fifth Amendment privilege. Conversely, in circumstances wherein the trial court would abuse its discretion by not granting a severance, it might well be error for the court to grant a severance *481 in name only while still requiring that the co-defendant witness offering exculpatory testimony be tried after the movant. Granting a severance in this form would be tantamount to denying the motion to sever. (Footnote omitted).
567 F.2d at 921.
In United States v. Doe, 655 F.2d at 927, the co-defendant offered to testify, was not tried first, yet testified on behalf of the other defendant. On appeal the co-defendant argued the denial of his motion for severance compelled him to testify against himself in order to honor his moral obligation to testify on behalf of the innocent defendant. The Ninth Circuit stated:
While it may be proper in some circumstances to allow a separate prior trial of a defendant so that he might provide exculpatory testimony for a co-defendant, it was not an abuse of discretion for the court to deny the motion in this case.
655 F.2d at 927.
In United States v. Haro-Espinosa, 619 F.2d at 793, five defendants were tried together. Two defendants moved for a severance from Gonzalez who offered to give exculpatory testimony if he were tried first, or if the government agreed not to use his testimony against him. The court stated it would grant a severance, but would set Gonzalez' trial last because the other defendants were in custody and their trials were subject to speedy trial sanctions. Gonzalez' counsel objected that his client would be denied any benefit from the severance. The court denied the severance and the Ninth Circuit affirmed the denial.
The above opinions involve review of trial court decisions which denied a severance based on a conditional offer of exculpatory testimony by a co-defendant.
Recently the Eleventh Circuit in United States v. DiBernardo, 880 F.2d 1216 (11th Cir.1989) was confronted with a situation similar to this matter. Three co-defendants were to be jointly tried. Two, DiBernardo and Rothstein, filed motions to sever based on the affidavit of the third defendant, D'Apice, that he would provide exculpatory testimony on their behalf at a separate trial. Otherwise he would invoke his Fifth Amendment privilege. The motion to sever proposed that D'Apice be tried first. Believing the testimony would be perjurious, the prosecutor opposed the severance and refused immunity. After the government finally indicated D'Apice's testimony would not be used against him in a subsequent trial, he agreed to testify.
The DiBernardo court granted the motion to sever but concluded the defendants had no right to determine the order of trials. The trial of DiBernardo and Rothstein was held first and D'Apice invoked his privilege against self-incrimination. Di-Bernardo and Rothstein were convicted and moved for a new trial in 1981. There were various appeals and rulings, but the trial court never ruled on the motion for a new trial. In 1986 Rothstein (DiBernardo disappeared) renewed his motion for a new trial and listed the fact that D'Apice was available to testify because he pleaded guilty in 1984. In 1987 the trial court granted a new trial to DiBernardo and Rothstein. The judge noted his prior error by granting the motion to sever D'Apice, but forcing Rothstein and DiBernardo to trial first.
The Eleventh Circuit considered the untimely motion for a new trial as a petition for habeas corpus relief. The court noted that the trial court had properly granted the motion to sever in 1981, but its decision to try DiBernardo and Rothstein prior to D'Apice constituted a de facto denial of the motion. The court stated that the judge's ruling on the order of trials negated the possibility that D'Apice would testify although the purpose of granting the severance was to allow his exculpatory testimony. The Eleventh Circuit declared:
As to the order of trials, we agree with the district court's 1981 statement that among severed co-defendants, there is no absolute right to be tried in a certain order; each case must be evaluated on its own facts. See Byrd v. Wainwright, supra, 428 F.2d at 1022. We also agree with the district court's finding in 1987 that the decision to first try DiBernardo *482 and Rothstein effectively denied the motion for severance....
* * * * * *
Under the facts of this case, we agree with the district court that it erred in trying DiBernardo and Rothstein first in 1981. That error was an abuse of the trial court's discretion, which denied the appellees a fair trial.
880 F.2d at 1229. The Eleventh Circuit affirmed granting the new trial.
Similar concerns have been expressed by state courts. In State v. Scovil, 159 N.J. Super. 194, 387 A.2d 413 (N.J.Super.Ct.Law Div.1978), the trial judge granted two defendants' motions to try a third defendant who would give exculpatory testimony if he were tried first. The trial judge noted there was no jurisprudence holding it is an abuse of discretion for a trial court to control the trial list in order to protect the defendant's right to call a witness under the Sixth Amendment to the U.S. Constitution.
At an in camera hearing in Scovil the third defendant stated he would invoke his Fifth Amendment privilege if he were called prior to his trial. The court noted the two defendants had a right to call a witness and the state had a right to seek the most advantageous trial position. The judge balanced the interests:
Weighing the claim of possible damage to the State's case against the more likely deprivation of a witness to defendants, I can conclude only that sound judgment and constitutional doctrine set forth in the severance cases requires that defendants' interests be protected.
387 A.2d at 416. The court granted the motion to try the third defendant first who could then exculpate the co-defendants.
In People v. Garnes, 134 Misc.2d 39, 510 N.Y.S.2d 409 (Sup.Ct.1986), the trial court originally denied a motion to sever for failure to support the motion. On reconsideration the court considered the fact that a co-defendant, Brew-Adams, would give exculpatory testimony at Garnes' trial. Garnes asked that Brew-Adams be tried first so that he could then be available at Garnes' trial. The court stated:
Since a severance of the trials of the defendants is being granted pursuant to this Order, were the Garnes's [sic] case tried first, the very purpose of the severance would be defeated since the possibility that the defendant Brew-Adams would assert his Fifth Amendment privilege were he called to testify would continue to exist. In such an event, the very purpose of the severance granted by this motion would be frustrated. However, if the defendant Brew-Adams's [sic] case were tried first, he would then be in a position to testify at the trial of the codefendant, Garnes, without jeopardizing his position as regards his trial.
510 N.Y.S.2d at 412-413. The court granted the severance and ordered Brew-Adams tried first.

CONCLUSION
The trial court exercised its broad discretion in granting a severance pursuant to La.C.Cr.P. art. 704. Our question is whether that severance can be totally frustrated by allowing the State to determine the order of trials.[4]
After reviewing our scant caselaw, federal jurisprudence and that of other states, we are convinced that Latiolais' right to present a defense is paramount in order to have a fair trial.
Once the trial court granted a severance only one order of trials is equitably possible. Any other would frustrate the reason for the severance. Hart must be tried first so that he can testify at Latiolais' subsequent trial. The District Attorney's statutory authority to control the prosecution cannot supersede the defendant's constitutional right to a fair trial, to present a defense, and to call his witness.
*483 The trial court ruling is reversed. It is ordered that Michael Hart's trial be scheduled prior to Jack Latiolais' trial.
WRIT GRANTED; REVERSED.
NOTES
[1] The transcript shows that the severance was granted and defense counsel's request was denied, but the minute entry and docket master state the court granted in part and denied in part the severance motion.
[4] After the severance was granted, the State "noted" its "intentions." In the statement of the case in its response to this application, the State declares the court erroneously granted the severance. However, the State makes no argument as to the correctness of the severance and filed no application on the ruling.