OPINION OF THE COURT
Gerald V. Hayes, J.
The defendants have been charged in a one-count indictment *379 with grand larceny in the third degree, a class D felony, in violation of section 155.35 of the Penal Law. It is alleged that, acting in concert, between March 1, 1998 and July 30, 1999 pursuant to a common plan and scheme, they stole over $3,000 from the City of Beacon Housing Authority.
Essentially, the allegation is that the defendants certified to the Beacon Housing Authority that Charles E. Fox (hereinafter referred to as the husband) was not employed but that, in fact, there was a time during which he was employed, making them ineligible to receive the benefit or subsidy from the Housing Authority which in fact they received.
The defendant Denise R. Johnson-Fox (hereinafter referred to as the wife) has moved for a severance. The basis for her request is that she wishes to call her husband as a witness.
During the pendency of a prior indictment which was dismissed for insufficiency of evidence, the husband signed an affidavit in which he alleged essentially that there were marital problems between them and that during a majority of the relevant time he was not living with his wife and further that he did not tell her of his employment.
Counsel for the husband does not oppose the severance but does state that his client at this time has not committed one way or the other as to whether he would testify at his wife’s separate trial or whether he would exercise his right against self-incrimination.
The Assistant District Attorney opposes the motion on the ground that it is reasonably likely that the husband will not testify at the wife’s trial. No reasons for that conclusion are set forth in the affirmation in opposition to the motion to sever.
The District Attorney also objects to the use of the husband’s affidavit as part of the wife’s defense.
It seems from the Court’s prior review of the Grand Jury minutes as well as the pretrial conferences that the People’s case is essentially the same against both defendants, i.e., the offering of documentary evidence of the certifications of the defendants to the Beacon Housing Authority, proof of the husband’s employment and evidence as to the value of the benefit or subsidy received to which the defendants were not entitled.
Both defendants have indicated their intent to waive a jury trial.
*380 The wife’s defense at trial will apparently be that she did not know that her husband was employed and therefore did not knowingly participate in the alleged fraud.
Although not completely clear, it seems from the argument of counsel both in Court and in pretrial conferences that one, and certainly the primary, defense of the husband is that the alleged theft is not in the amount claimed by the People.
Accordingly, the fact finder could credit both defenses, and, therefore, they do not seem to be mutually exclusive or irreconcilable (cf. People v Mahboubian, 74 NY2d 174, 185).
The primary argument for severance by the wife is her need to call her husband as a witness.
It has been held that, upon a proper showing of the need for the codefendant’s testimony, it may be an abuse of discretion to deny severance. There must, however, be a showing of an actual intention to call the witness as well as a need to do so (People v Owens, 22 NY2d 93, 98).
A proper showing of need requires that the person moving for a severance show clearly to what the codefendant would testify and that such testimony would tend to exculpate the movant. (People v Bornholdt, 33 NY2d 75, 87.) It is clear that the wife has made that showing based upon the husband’s affidavit in which he states that he was involved with another woman during the relevant period of time, did not reside with his wife during part of that time, did not tell his wife of his employment and kept a separate bank account.
A defendant is not entitled to a severance, however, where the possibility of the codefendant testifying is merely colorable or speculative (People v Mouzon, 154 AD2d 626; People v Garnes, 134 Misc 2d 39).
This is the more troubling issue here, i.e., whether the husband will actually testify at his wife’s trial if it is held separate from and after his. Clearly he would have no choice if he were found not guilty. If, however, he were convicted, he would still be able to exercise his right against self-incrimination. His attorney has advised the Court and the other parties that the husband has made no commitment whether or not he would testify.
The general rule is that, where defendants are charged with acting in concert, a strong public policy favors joinder because it expedites the judicial process, reduces court congestion and avoids the necessity of recalling witnesses (People v Mahboubian, 74 NY2d 174, 183). On the other hand, the interests of *381 judicial economy cannot jeopardize or abridge an accused’s right to a fair trial.
There is a novel but compelling solution to the severance issue in this case, especially because both defendants are waiving a jury trial. That is to have the People present their case jointly against both defendants thus causing no inconvenience to the People’s witnesses and avoiding the necessity of the Court hearing the same testimony from the witnesses twice.
At the conclusion of the People’s case, the wife’s case can then be severed and the husband’s case tried to completion. The wife’s case will continue subsequent to the verdict in the husband’s case.
Although there may be no specific statutory authority for this procedure, the same may be said for multiple juries at a single trial, a procedure which has been approved in exceptional situations (People v Ricardo B., 73 NY2d 228).
In that case, the People’s evidence against the two defendants was the same except that one defendant made an inculpatory statement. The trial involved over 25 witnesses, including five experts. Recalling all of those witnesses for a separate trial would have not only been time consuming and expensive to the prosecution but also inconvenient to the witnesses.
In the instant case, the People anticipate calling only two or three witnesses as well as offering various documents into evidence.
Although separate trials would create no undue burden on either the People or their witnesses, judicial economy of time and common sense dictate that, since both defendants are waiving a jury trial, there is no reason for me to hear the exact same evidence twice.
Thus, severing the cases after the People’s case preserves the wife’s opportunity to call her husband as a witness and expedites the completion of this proceeding without undue delay and without prejudice to any party.
As was noted in Ricardo B. (supra), courts may adopt new procedures which are fair and which facilitate the performance of their responsibilities (73 NY2d at 232). Judiciary Law § 2-b (3) provides that a court of record has the power “to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it.”
Accordingly, it is ordered that the wife’s motion to sever is granted to the extent that the cases shall be severed after the *382 completion of the People’s case. The husband’s case shall then continue to verdict and the wife’s case will resume after that verdict.